**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **NIAL LUU,**<br>**Plaintiff** | ) | |
| **v.** | ) | **Civil No. 26-40129-DHH** |
| **UNITED STATES OF AMERICA, et al.,**<br>**Defendants** | ) | |

**ORDER ON JOINT MOTION TO STAY**

**October 13, 2026**

**Hennessy, M.J.**

The parties have filed a joint motion to stay this matter until final resolution of the related criminal proceedings in Commonwealth v. Luu (Case # 2385-DR-00269, Worcester Superior Court). See [Dkt. No. 32]. In support of their motion, the parties state that

> Plaintiff Luu would suffer substantial hardship and inequity if this matter proceeds before the conclusion of the related criminal proceedings, as Plaintiff Luu may be unable to fully present relevant material evidence, testimony, and factual determinations necessary to support Plaintiff's ability to fairly litigate this matter. Proceeding with this civil action at this time may also result in inconsistent factual determinations and unnecessary duplication of proceedings which could prejudice both parties and burden the Court due to judicial inefficacy.

Id. at pp. 1-2. In sum, the parties are concerned that participation in this civil action before the conclusion of Luu's criminal action could infringe on his right against self-incrimination. See id. at p. 2.

It is undisputed "that federal courts possess the inherent power to stay proceedings for prudential reasons." Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004) (citing Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936); Marquis v. FDIC, 965 F.2d 1148, 1154-55 (1st Cir. 1992)). "The pendency of a parallel or related criminal proceeding

can constitute such a reason." Id. (citing Hewlett-Packard Co. v. Berg, 61 F.3d 101, 105 (1st Cir. 1995)). The decision of whether to grant a stay under such circumstances is discretionary. See id. (citing Acton Corp. v. Borden, Inc., 670 F.2d 377, 380 (1st Cir. 1982)).

Here, I find it prudent to maintain judicial efficiency and to safeguard Luu's right against self-incrimination by staying proceedings in this matter until conclusion of the criminal action.

The parties are directed to notify the Court within 14 days of the conclusion of the criminal case, whether that be by an order of dismissal, acquittal, or sentencing.

So ordered.

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge