**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **NIAL LUU,**<br>**Plaintiff**<br><br>**v.**<br><br>**UNITED STATES OF AMERICA, et al.,**<br>**Defendants** | ) | **Civil No. 26-40129-DHH** |

**ORDER ON MOTIONS FOR RECONSIDERATION**

**October 13, 2026**

**Hennessy, M.J.**

## I. BACKGROUND

On July 10, 2026, Plaintiff Nial Luu filed a motion to amend his complaint. See [Dkt. No. 18]. Under Federal Rule of Civil Procedure 15 a litigant may amend a pleading in one of two ways. See Fed. R. Civ. P. 15. Under Rule 15(a)(1), a party may amend its pleading "as a matter of course" once no later than 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases," Rule 15(a)(2), states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Luu's motion to amend did not cite the specific subsection of Rule 15 under which he was moving; however, he did make reference to Rule 15(a)(2)'s "freely given" language. See [Dkt. No. 18 at ¶ 5].

On July 17, 2026, the Court granted Luu's motion to amend stating:

> Federal Rule of Civil Procedure 15(a)(1) allows a party to "amend its pleading once as a matter of course no later than[ ] 21 days after serving it[.]" Fed. R. Civ. P. 15(a)(1). Here, Plaintiff states that he initiated service of process on June 30, 2026, and Defendants have not yet received service of process (as of date of motion, July 10, 2026). [Dkt. No. 18 at p. 1]. Thus, Defendants have not yet appeared, have not yet filed an answer, and have not yet filed any motion or other responsive pleading addressing the Complaint. Id. Accordingly, Plaintiff's motion to amend is granted as a matter of course. See Morjaria v. Harvard Vanguard Medical Associates, Inc., 2015 WL 1276827, at *2 (Mar. 20, 2015) (rejecting defendants' challenge of plaintiff's amended complaint as a legal nullity because the original complaint was never served; finding instead that defendants' argument was a hyper-literal, and incorrect, reading of Federal Rule of Civil Procedure 15(a), and that [t]here is absolutely no reason to think that is what the drafters of the Rule had in mind, both because it erects a wooden and impractical barrier to amendments as a matter of course and because it is contrary to actual practice. The more sensible reading of Rule 15(a)(1)'s provision that an original complaint may be amended as a matter of course within... 21 days after service[,] is that it may be amended before service).

[Dkt. No. 20].

That same day, July 17, 2026, Luu filed a motion for reconsideration and to modify the Court's order granting his motion to amend his complaint. See [Dkt. No. 22]. Specifically, Luu asked that the Court modify its order to reflect that his motion to amend was granted pursuant to Rule 15(a)(2)'s freely given leave to amend instead of pursuant to Rule 15(a)(1)'s leave to amend as a matter of course. See id. In doing so, Luu argued that

> Treating Plaintiff's proposed amendment as an amendment as of course unintentionally affects Plaintiff's procedural rights by converting a request for judicial permission into an election to exercise Plaintiff's amendment right. Plaintiff therefore respectfully requests that the Court reconsider and modify its Order, vacate the designation of the amendment as a "matter of course," and confirm that Plaintiff has not waived or used his right to amend as a matter of course for the record.

Id. at 1-2.

The Court denied Luu's motion for reconsideration on July 22, 2026. See [Dkt. No. 25].

Since the Court denied Luu's July 17, 2026 motion for reconsideration, Luu has filed three subsequent motions for the Court to reconsider the issue. See [Dkt. Nos. 26, 31, 33].

## II. STANDARD FOR RECONSIDERATION

"The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)). "To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." Id. (citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir 2005)). Reconsideration may also be proper "where the district court has misunderstood a party or made an error of apprehension." Villanueva v. U.S., 662 F.3d 124, 128 (1st Cir. 2011).

## III. LUU'S ARGUMENTS

Luu has not provided any new evidence that would support a reconsideration of the Court's July 17 order. See [Dkt. Nos. 26, 31, 33].

With respect to arguments that the Court has made a legal error, Luu cites Ramirez v. County of San Bernadino for the proposition that "a plaintiff may amend in whatever order he sees fit, provided he complies with the respective requirements found within [Rule] 15(a)(1) and 15(a)(2)." See [Dkt. No. 26 at p. 3] (quoting 806 F.3d 1002, 1007 (9th Cir. 2015)).

Lastly, Luu argues that the Court failed to apprehend that he intended to seek leave to amend under Rule 15(a)(2), preserving his ability to amend once as a matter of course under Rule 15(a)(1). See id. Consequently, he argues, the Court's July 17, 2026 order allowing the amendment as a matter of course under Rule 15(a)(1) prejudices him because he now must seek leave to amend under Rule 15(a)(2) for any further amendments. See id.

## IV. ANALYSIS

Luu's argument that the Court misunderstood his request and therefore granted his amendment under the unintended subsection of Rule 15 is reason for the Court to reconsider its ruling. See Villanueva, 662 F.3d at 128 (explaining that reconsideration may be proper "where the district court has misunderstood a party or made an error of apprehension."). Further, the Court is persuaded by the Ninth Circuit's reasoning in Ramirez that a plaintiff should be entitled to choose the manner in which he amends his complaint. See 806 F.3d at 1007. On reconsideration, Luu's point is well taken that the Court's granting of his motion to amend as a matter of course under Rule 15(a)(1) rather than under Rule 15(a)(2) prejudices him because, even Rule 15(a)(2)'s language that leave to amend should be "freely given" is not the same as the right to amend under Rule 15(a)(1) which Luu seeks to preserve.

## V. CONCLUSION

For the reasons stated above, Luu's second, third, and fourth motions for reconsideration are granted. See [Dkt. Nos. 26, 31, 33].

So ordered.

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge